## CIRCUIT COURT OF LANCASTER COUNTY

Joseph W. McGreal

v.

Board of Social Services
of Lancaster County

September 18, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

The issue here is whether Dr. Joseph W. McGreal is entitled to access to the state grievance procedure because of his dismissal as Director of the Lancaster County Department of Social Services by the local Social Services Board on April 24, 1989. Upon his dismissal, Dr. McGreal filed a grievance. The local Board determined that Dr. McGreal was the "agency head" and therefore was excluded from the grievance procedure under Virginia Code Section 2.1-114.5:1(C) and Paragraph I.B. of the State Grievance Procedure. He asks the Court to review the finding of the local Board.

The Court concludes that Dr. McGreal was an agency head within the meaning of Section 2.1-114.5:1(C) of the Virginia Code and is therefore not entitled to pursue a grievance.

This proceeding has nothing to do with the justification, wisdom, or fairness of Dr. McGreal's dismissal. It deals only with whether his position was one specifically excepted by statute from coverage under the state's grievance procedures.

We have considered counsels' arguments and exhibits and reviewed their briefs and observe that no cases on the precise point presented here have been cited (nor has the Court found any). The earlier opinion of the

Attorney General, dated January 21, 1987, relied upon by Dr. McGreal, while not addressing the specific issue here, appears to give greater weight to regulations promulgated by the State Board of Social Services than to the statutes adopted by the Legislature. We believe the State Board is without authority in these circumstances to, in effect, amend the Code of Virginia, and when its regulations conflict with the Code, the State Board regulations must yield.

The controlling statute is Section 2.1-114.5:1(C) of the Virginia Code as it was in April, 1989. In plain language, paragraph 2 of subsection C lists "agency heads or chief executive officers of government operations" among those excluded from coverage under the grievance procedures of the Commonwealth. Both counsel agree that this statute applies to this proceeding. Both agree that the Lancaster County Department of Social Services is an "agency" within the meaning of this statute. The question is whether Dr. McGreal is an "agency head."

He maintains that he is not. He claims the local board is the agency head. Undoubtedly, the local board determines the general policies of this agency and may be involved to a greater or lesser degree from time to time in the general operations of the department. However, the Court feels the proper function of the local board is analogous to the directors of a corporation or the trustees of a university. The chief executive officer, while answerable to the board, is normally considered the head of the entity, because it is his responsibility to attend to the day-to-day details necessary for the entity to function effectively, profitably, and efficiently.

Dr. McGreal was hired as Director of the Lancaster County Department of Social Services in November, 1983, and served until his dismissal. The record indicates that he was responsible for the day-to-day management of the department, including matters of personnel, budget, and administration.

The local board in Lancaster, and presumably in all counties, is comprised of citizen volunteers, who serve with little and sometimes no compensation. They are appointees of the elected Board of Supervisors, and as such, are also excluded from state grievance procedures. Neither individually nor collectively would the members be expected

to have the expertise necessary to properly administer the functions of the department. The director is employed and compensated for this specific purpose. The record does not show how often the local board meets, but presumably, it is no more frequently than weekly or monthly, under normal circumstances.

Section 63.1-63 of the Code provides: "*Each local superintendent of public welfare shall be the executive officer of the local board of his county or city.*" (Emphasis added).

Section 63.1-67.1 provides: "*The superintendent . . . shall be the administrator of the local department . . . .*"

And Section 63.1-61 provides: "*The local superintendent and other employees shall serve at the pleasure of the local board . . . .*"

Black's Law Dictionary defines "director" as: "one who directs or regulates, guides or orders; a manager or superintendent, or a chief administrative official."

In a February 17, 1989, letter, the Attorney General opines as follows:

It is my opinion, therefore, that the "agency head" provision of Section 2.1-114.5:1(C)(2) is intended to exempt from the local grievance procedure any official who is the chief administrative officer of a local government department that is analogous to an executive branch agency of state government. It is further my opinion that pertinent indicia for determining whether an official is an agency or department head excepted from the local grievance procedure include the official's responsibility for the management and operation of a department of local government, for the development of the department's budget, and for the hiring and termination of department employees. Additional factors include whether the official is hired directly by the chief executive officer of the locality (county administrator, city manager, etc.) or the local governing body and whether the official reports directly to the chief executive officer or local governing body.

The Attorney General states that the chief administrative officer of each local government department would be sufficiently analogous to an "agency head" to be excepted pursuant to Section 2.1-114.5:1(C)(2).

From the foregoing, it seems manifest that the legislative intent of the applicable statutes is that the director of the social services department of a locality is in fact its head and that such person is expressly denied grievance coverage.

The Court is mindful of the provisions of subsection E of Code Section 2.1-114.5:1 (*i.e.,* that this decision is final) and the significant burden it imposes. After careful study and review of all authorities cited and our own independent research, we conclude that Dr. McGreal, by virtue of his position as director, is without coverage under the state's grievance procedure.